JOSEPH H. HUNT
Assistant Attorney General
Civil Division
GUSTAV W. EYLER
Acting Director
KENDRACK D. LEWIS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice,
Civil Division
P.O. Box 386
Washington, DC 20044-0386
Telephone: (202) 353-3881
Fax: (202) 514-8742
kendrack.lewis@usdoj.gov

MONIQUE F. EINHORN
RYAN M. MEHM
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC  20580
Telephone: (202) 326-2575
meinhorn@ftc.gov
rmehm@ftc.gov

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNIXIZ, Inc., a corporation doing business as i-Dressup.com, and<br><br>ZHIJUN LIU and XICHEN ZHANG, individually and as officers of UNIXIZ, Inc.,<br><br>          Defendants. | Case No. <u>5:19-cv-2222</u><br><br>**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF** |

Complaint for Civil Penalties                                        1

Plaintiff, the United States of America, acting upon notification and on behalf of the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges that:

1. Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a), and Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a).

3. Venue is proper in the Northern District of California under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) – (d) and 1395(a).

## INTRADISTRICT ASSIGNMENT

4. The conduct at issue in this action took place in substantial part in Santa Clara County.

## SECTION FIVE OF THE FTC ACT

5. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair and deceptive acts or practices in or affecting commerce.

## THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT RULE

6. Congress enacted COPPA in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal

Complaint for Civil Penalties                              2

information online by operators of Internet Web sites and online services.  COPPA directed the Commission to promulgate a rule implementing COPPA.  The Commission promulgated the COPPA Rule on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553.  The Rule went into effect on April 21, 2000.  The Commission promulgated revisions to the Rule that went into effect on July 1, 2013.  Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**DEFENDANTS**

7.     Defendant Unixiz, Inc., which also does business as i-Dressup.com ("i-Dressup"), is a California corporation established on June 27, 2016, with its principal place of business in Mountain View, California.  Unixiz, Inc. transacts or has transacted business in this district and throughout the United States.  At all times material to this Complaint, acting alone or in concert with others, Unixiz, Inc. has advertised, marketed, and distributed its online content and website activities to consumers throughout the United States.  Prior to the establishment of Unixiz, Inc., Defendant Liu and Defendant Zhang owned and operated i-Dressup as an unincorporated business from January 2016 to June 2016.  From 2008 to 2015, Intellineur, Inc., a predecessor California corporation formed by Defendant Zhang, operated i-Dressup.com.  Defendant Zhang was the Chief Executive Officer of Intellineur, Inc. and Defendant Zhijun Liu was Intellineur's Registered Agent.  Intellineur, Inc. was dissolved in December 2015.

8.     Defendant Zhijun Liu is the Chief Executive Officer and the Chief Financial Officer of Unixiz, Inc.  At all times material to this Complaint, acting alone or in concert with

Complaint for Civil Penalties                  3

others, he has formulated, directed, controlled, had the authority to control, or participated in the acts or practices of Unixiz, Inc. d/b/a i-Dressup.com, including the acts or practices set forth in this Complaint.  Defendant Liu, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

9. Defendant Xichen Zhang is the Secretary of Unixiz, Inc.  At all times material to this Complaint, acting alone or in concert with others, she has formulated, directed, controlled, had the authority to control, or participated in the acts or practices of Unixiz, Inc. d/b/a i-Dressup.com, including the acts or practices set forth in this Complaint.  Defendant Zhang, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

## COMMERCE

10. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

11. Defendants operated i-Dressup.com, a website where users including children played dress up games, designed clothes, and decorateed their space.  In addition, by participating in i-Dressup's online community, users would make friends and blog.  i-Dressup's online community encouraged users to "explore their creativity and fashion sense with unique personal profiles."

12. i-Dressup allowed users to register as members.  When a user first registered as a member, i-Dressup required the user to submit a user name, password, birthdate, and email address.  If a prospective member indicated that he/she was over 13, the member had access to

Complaint for Civil Penalties                    4

all of the features of the website, including the ability to participate in i-Dressup's social features, such as writing about themselves and their interests on an "About Me" page, creating blog posts, adding friends, and sending direct online messages.

13.  If a prospective member submitted a birthdate that indicated that he/she was under 13, the heading for the email field on a registration screen changed in real-time to "Parent's Email." Once the under-13 user entered a user name, password, birthdate, and email address and he/she clicked the "Join Now" button, i-Dressup collected the registration information entered and sent an email notice to the email address entered in the "Parent's Email" field.

14.  The email notice described the i-Dressup website, along with the social features that were available only if the parent provided consent.

15.  The email notice contained a hyperlink through which i-Dressup sought consent from a parent to activate i-Dressup's social features.  If the recipient of the parental email notice clicked on the hyperlink in the email, he/she was taken to an online screen that contained the child's user name and a pre-populated activation code.  The individual receiving the parental email could consent by clicking the "Activate Now!" button on this screen.

16.  If a parent did not provide consent, Defendants provided these under-13 users with "Safe Mode" membership which allowed them to login to access all of i-Dressup's doll-related games and features, but not its social features.  Defendants collected the Safe Mode members' registration information, such as their user name, password, and birthdate, and allowed child members to provide Defendants, through the account settings webpage, their first and last name and gender.  Under-13 users could remain Safe Mode members indefinitely, and Defendants retained the child's personal information as well as the parent's email address, even if the child's parent did not provide consent.

17. As of January 1, 2016, i-Dressup had at least 2.1 million users, of which approximately 245,000 entered an under 13 birthdate.

**DEFENDANTS ARE SUBJECT TO THE COPPA RULE**

18. For purposes of Paragraphs 6 through 35, herein, the terms "child," "collects," "collection," "disclosure," "Internet," "online contact information," "operator," "parent," "personal information," "obtaining verifiable consent," and "Web site or online service directed to children," are defined as those terms are defined in Section 312.2 of the COPPA Rule, 16 C.F.R. § 312.2.

19. The COPPA Rule applies to any operator of a commercial Web site or online service directed to children that collects, uses, and/or discloses personal information from children, or on whose behalf such information is collected or maintained, and to any operator of a commercial Web site or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children. Defendants operated i-Dressup.com, which was a Web site directed to children. i-Dressup stated that "[m]ost of our members are girls and boys between 7 and 17." Because Defendants collected personal information from users who indicated that they are under thirteen years of age when they registered with i-Dressup, Defendants also have actual knowledge that they collected personal information from children through i-Dressup.

20. The COPPA Rule defines "personal information" to include, among other things, a first and last name; a home or other physical address including street name and name of a city or town; online contact information (i.e., an email address or other substantially similar identifier that permits direct contact with a person online, such as an instant messaging user identifiers, screen name, or user name); a persistent identifier that can be used to recognize a user over time

Complaint for Civil Penalties                            6

and across different Web sites or online services; a photograph, video, or audio file where such file contains a child's image or voice; or information concerning the child or parents of that child that the operator collects online from the child and combines with an identifier described in this definition. Through i-Dressup.com, Defendants collected personal information as defined in the Rule in the form of first and last name, an email address, and the child's user name that the child can use to communicate with other users. They also collected other information that they combined with this information, such as passwords. Finally, they "collected" personal information under the Rule by enabling children to make personal information publicly available via i-Dressup's social features.

21. Because Defendants collected and maintained personal information from their users through i-Dressup, Defendants are operators as defined by the COPPA Rule, 16 C.F.R. § 312.2.

22. Among other things, the Rule requires that an operator of a child-directed Web site or online service meet specific requirements prior to collecting online, using, or disclosing personal information from children, including but not limited to:

    a. posting a privacy policy on its Web site or online service providing clear, understandable, and complete notice of its information practices, including what information it collects from children, how it uses such information, and its disclosure practices for such information, and other specific disclosures set forth in the Rule such as the operator's contact information;

    b. providing clear, understandable, and complete notice of its information practices, directly to parents including specific disclosures about the operator's obligation to

Complaint for Civil Penalties                  7

      delete parental online contact information if consent is not obtained and a hyperlink to the privacy policy;

c. obtaining verifiable parental consent prior to collecting, using, and/or disclosing personal information from children;

d. deleting the parental online contact information if no consent was obtained; and

e. establishing and maintaining reasonable procedures to protect the confidentiality, security, and integrity of personal information collected from children.

## DEFENDANTS' COPPA VIOLATIONS

23. Defendants' privacy policy failed to include information that the COPPA Rule requires operators of child-directed Web sites to disclose, such as the operator's name, address, telephone number and email address.

24. Defendants' direct notice failed to include the content that the COPPA Rule requires. Among other things, Defendants' direct notice failed to include a hyperlink to i-Dressup's privacy policy and failed to inform the recipient that if he/she did not provide consent within a reasonable time, from the date that the direct notice was sent, Defendants would delete the parent's online contact information from i-Dressup's records. In fact, contrary to COPPA's requirements, Defendants did not delete the parent's online contact information, but kept it indefinitely.

25. Defendants failed to obtain verifiable parental consent. For Safe Mode members, Defendants failed to obtain *any* parental consent, even though such members were covered by COPPA. For other members, the purported parental consent method was inadequate because it was not reasonably calculated to ensure that the person providing consent was the child's parent, as required by the COPPA Rule.

26. Defendants engaged in a number of practices that, taken together, failed to provide reasonable and appropriate data security to protect the personal information collected from consumers, including children through i-Dressup.com. Among other things, Defendants:

   a. failed to adequately assess the vulnerability of its web applications and network to commonly known or reasonably foreseeable attacks, such as "Structured Query Language" ("SQL") injection attacks;

   b. stored and transmitted users' personal information as well as other information submitted by users, including account passwords, in clear text;

   c. failed to implement an intrusion detection and prevention system, or similar safeguards, to alert Defendants of potentially unauthorized access to their computer network; and

   d. failed to monitor logs to identify potential security incidents.

27. In late September 2016, Defendants learned that a hacker had accessed their computer network, and accessed the personal information of consumers, including children who used i-Dressup. In August, the hacker remotely accessed Defendants' network, where Defendants stored in clear text, among other things, users' user name, password, email address, full name, gender, and date of birth. The hacker accessed information of approximately 2,125,000 users, including 245,000 users who indicated they were under the age of 13.

28. The hacker gained access to Defendants' computer network by exploiting commonly known and reasonably foreseeable vulnerabilities.

29. Defendants were unaware that the personal information of any consumers had been accessed from their computer network until the hacker sent the hacked data to journalists. One of the journalists, in turn, attempted to contact Defendants, but, after having received no

response from Defendants for five days, subsequently contacted Defendant's web hosting provider, who notified i-Dressup.

30. Defendants could have addressed the failures described in Paragraph 26 by implementing readily available and relatively low-cost security measures.

## **COUNT I (COPPA)**

31. Defendants collected personal information from children under the age of 13 through the i-Dressup Web site, which Defendants operated and was directed to children. Moreover, because Defendants collected children's birthdate and year, Defendants had actual knowledge that children used this online site.

32. In numerous instances, in connection with the acts and practices described above, Defendants collected, used, and/or disclosed personal information from children in violation of the Rule, including by:

    a. Failing to provide sufficient notice on its Web site or online services of the information it collects, or is collected on their behalf, online from children, how it uses such information, its disclosure practices, and all other required content, in violation of Section 312.4(d) of the Rule, 16 C.F.R. § 312.4(d);

    b. Failing to provide sufficient direct notice to parents of the information Defendants collect, or information that has been collected on Defendants' behalf, online from children, how it uses such information, its disclosure practices, and all other required content, in violation of Section 312.4(b) and (c) of the Rule, 16 C.F.R. § 312.4(b)-(c);

    c. Failing to obtain verifiable parental consent in violation of Section 312.5 of the Rule, 16 C.F.R. § 312.5;

Complaint for Civil Penalties                    10

d. Failing to delete online contact information of the parent after having failed to obtain consent, in violation of Section 312.5(c)(1) of the Rule, 16 C.F.R. § 312.5(c)(1); and

e. Failing to establish and maintain reasonable procedures to protect the confidentiality, security, and integrity of personal information collected from children, in violation of Section 312.8 of the Rule, 16 C.F.R. § 312.8.

Therefore, Defendants have violated the Rule, 16 C.F.R. Part 312.

33. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THIS COURT'S POWER TO GRANT RELIEF

34. Defendants violated the Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

35. Each collection, use, or disclosure of a child's personal information in which Defendants violated the Rule in one or more ways described above constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

36. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. §2461, amended by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Public Law 114-74, sec. 701, 129 Stat. 599 (2015), and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of not more than $41,484 for each such violation of the Rule assessed after January 22, 2018.

37. Section 13(b) of the FTC Act, U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff United States of America, pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a) and the Court's own equitable powers, requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act and the Rule by Defendants;

B. Award Plaintiff monetary civil penalties from Defendants for each violation of the Rule alleged in this Complaint; and

C. Award other and additional relief the Court may determine to be just and proper.

DATED this 24th day of April, 2019.

| | |
|---|---|
| **FOR THE FEDERAL TRADE COMMISSION:** | **FOR PLAINTIFF THE UNITED STATES OF AMERICA:** |
| MANEESHA MITHAL<br>Associate Director<br>Division of Privacy and Identity Protection | JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division |
| ROBERT SCHOSHINSKI<br>Assistant Director<br>Division of Privacy and Identity Protection | GUSTAV W. EYLER<br>Acting Director<br><br>          /S/<br>KENDRACK D. LEWIS<br>Trial Attorney<br>Consumer Protection Branch |
| MONIQUE F. EINHORN<br>Attorney<br>Division of Privacy and Identity Protection<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br>Tel: (202) 326-2575<br>Fax: (202) 326-3062 | U.S. Department of Justice, Civil Division<br>P.O. Box 386<br>Washington, DC 20044-0386<br>Tel: (202) 353-3881 |
| RYAN M. MEHM<br>Attorney<br>Division of Privacy and Identity Protection<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br>Tel: (202) 326-2918<br>Fax: (202) 326-3062 | |

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

United States of America

**DEFENDANTS**

Unixiz, Inc., a corporation doing business as i-Dressup.com; Zhijun Liu, and Xichen Zhang

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Santa Clara County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kendrack D. Lewis; P.O. Box 386 Washington, DC 20044;
202-353-3881; kendrack.lewis@usdoj.gov

Attorneys *(If Known)*
Stacy Brandenburg; 202-706-5220; stacey@zwillgen.com
Kandi Parsons; 202-706-5213; kandi@zwillgen.com

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury -Medical Malpractice | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | [X] 890 Other Statutory Actions |
| **REAL PROPERTY** | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 448 Education | 540 Mandamus & Other | | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee-- Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
The Federal Trade Commission Act: 15 U.S.C §§ 45(a)(1), 45(m)(1)(A), 53(b) and 56(a), and 15 U.S.C §§ 6502(c) and 6505(d) of the Children's Online Privacy Protection Act

Brief description of cause:
Violation of the Children's Online Privacy Protection Act

**VII. REQUESTED IN COMPLAINT:**

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $ 35,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    Yes    [X] No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*:

JUDGE          DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
*(Place an "X" in One Box Only)*
   SAN FRANCISCO/OAKLAND     [X] SAN JOSE     EUREKA-MCKINLEYVILLE

DATE 4/24/2019     SIGNATURE OF ATTORNEY OF RECORD